STAMPER et al., Appellants,

v.

MIDDLETOWN HOSPITAL ASSOCIATION, Appellee;

Brandenburg and Switzer et al., Appellees.

[Cite as *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65.]

Court of Appeals of Ohio,
Butler County.

No. CA89–02–025.

Decided Oct. 16, 1989.

*Ruppert, Bronson, Chicarelli, Cornyn & Smith* and *Leslie S. Landen,* for appellants.

*Lindhorst & Dreidame, Leo J. Breslin* and *Gary F. Franke,* for appellee Middletown Hospital Association.

*Frost & Jacobs* and *Gregory A. Keyser,* for third-party defendant-appellee Brandenburg & Switzer.

*Freund, Freeze & Arnold* and *Gordon D. Arnold,* for third-party defendant-appellee Shook, Inc.

*Per Curiam.*

On June 4, 1986, plaintiff-appellant, Sharon Stamper, fell down a stairway during the course of her employment at Middletown Regional Hospital. On March 27, 1987, Stamper filed suit against defendant-appellee, Middletown Hospital Association, alleging an intentional tort. Stamper's husband, Donald Ray Stamper, filed a claim for loss of consortium.

On February 3, 1988, Middletown Hospital filed a third-party complaint against Miami Fabricating Company, which fabricated the stairs, and Shook, Inc., which installed the stairs. Shortly thereafter, Stamper filed an amended complaint adding Miami Fabricating, Shook, and the architectural firms of Jones & Fellers and Brandenburg & Switzer. Miami Fabricating and Jones & Fellers were subsequently dismissed by Stamper. On January 31, 1989, the trial court granted motions for summary judgment by Middletown Hospital, Shook and Brandenburg & Switzer and dismissed all third-party claims and cross-claims. Stamper perfected the instant appeal and briefed three assignments of error.

Assignment of Error No. 1:

"The trial court erred in granting the motion of appellant [*sic*], Shook, Inc. before [*sic*] Summary Judgment."

Assignment of Error No. 2:

"The trial court erred in granting summary judgment in favor of appellant [*sic*] Brandenburg and Switzer."

Assignment of Error No. 3:

"The trial court erred in granting the motion for summary judgment of Middletown Hospital Association."

Each of Stamper's assignments of error concerns the propriety of awarding summary judgment to the appellees. Before summary judgment may be granted pursuant to Civ.R. 56, the trial court must determine that:

" * * * (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Stamper's claims against the contractor Shook and the architect Brandenburg & Switzer sound in negligence. To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for

the fall. *Cleveland Athletic Assn. Co. v. Bending* (1934), 129 Ohio St. 152, 194 N.E. 6. Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded. *Id.; Mines v. Russo's Stop & Shop* (Feb. 23, 1989), Cuyahoga App. No. 55073, unreported; *Smith v. Resch's Bakery* (Dec. 10, 1987), Franklin App. No. 87AP–897, unreported, 1987 WL 27806.

In the case *sub judice*, Stamper testified in her deposition that she did not know what caused her to fall.

"Q. Do you know what caused you to fall that day?

"A. No, I just fell. I don't remember. I just remember falling and being scared. I think you asked me that before and I don't believe so.

" * * *

"Q. Now, on the day of the accident, were the stairs slippery? Was the slippery—surface slippery on the day of the accident?

"A. To tell you the truth, I don't remember just remember [*sic*] a fall. I just fell. I don't know.

"Q. Did your feet fall out from under you?

"A. I just—just like I said, I just fell. I know I hit that one wall and went down and hit the other. I don't know exactly what happened.

"Q. Did your legs buckle?

"A. I just fell more like when you fall, you just go, you know, you just fall. I don't know. It was such a scary thing. I don't remember.

"Q. If you can't tell me, that's fine, and we'll certainly accept that, but there are many different ways to fall. Did you fall forward? Did you fall backward? Did your legs slip out from under you? Did your legs just buckle or what, do you know?

"A. I really don't know. I know I started to fall, so I imagine I started falling forward. I hit the wall. To be truthful, I really don't know how I fell, just I fell."

Stamper's testimony is devoid of any explanation as to the cause of her fall. Therefore, we find that reasonable minds could reach no other conclusion than there was no negligent act or omission on the part of Shook or Brandenburg & Switzer that proximately caused Stamper to fall. *Cleveland Athletic Assn. Co., supra.*

Stamper asserts that evidence of causation is provided in the affidavit of Thomas R. Huston, an engineer hired by Stamper to examine the stairway in question. Huston stated that he inspected the stairway and concluded that it was "unreasonably dangerous and * * * negligently designed, constructed,

and/or installed." Huston indicated that his opinion was based on his observation that the treads on the stairway were not on a horizontal plane and that the risers were uneven in their height. Huston then concluded that Stamper's fall was "the direct and proximate result of [these] deficiencies * * *."

Civ.R. 56(E) requires that affidavits be made upon the personal knowledge of the affiant and set forth facts that would be admissible in evidence. Huston's affidavit fails to satisfy either of these requirements. First, the affidavit does not indicate that it was made upon the personal knowledge of Huston and does not outline any facts which would support Huston's conclusion that the alleged defects caused Stamper to fall. Thus, Huston's statement regarding causation is nothing more than a legal conclusion. Affidavits which merely set forth legal conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civ.R. 56(E). *State v. Licsak* (1974), 41 Ohio App.2d 165, 169, 70 O.O.2d 325, 327–328, 324 N.E.2d 589, 593; *Naugle v. Campbell Soup Co.* (June 20, 1986), Henry App. No. 7–84–24, unreported, 1986 WL 7312.

Second, Huston's affidavit does not disclose any underlying facts which provide a basis for his opinion regarding causation as required by Evid.R. 705. The affidavit sets forth facts supporting Huston's opinion that the stairs were negligently designed, constructed and/or installed, but these facts do not provide a basis for concluding that the alleged negligence caused Stamper's fall. Accordingly, Huston's affidavit does not provide competent evidence as to causation.

In cases such as the one at bar, the party seeking to avoid summary judgment must present a genuine issue for trial both as to negligence *and* causation. See *Gedra v. Dallmer Co.* (1950), 153 Ohio St. 258, 41 O.O. 274, 91 N.E.2d 256. Stamper has failed to do so. Therefore, the first and second assignments of error are overruled.

Stamper's third assignment of error alleges that the trial court erred in awarding summary judgment to Middletown Hospital. We find no merit to this assertion.

To recover against Middletown Hospital, Stamper would have to establish an intentional tort. *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 73 O.O.3d 504, 433 N.E.2d 572. To do so, she would have to establish that Middletown Hospital committed an act with the intent to injure her or with the belief that her injury was substantially certain to occur. *Jones v. VIP Development Co.* (1984), 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046. Stamper's amended complaint alleges that Middletown Hospital was aware of the improper design, construction and

maintenance of the stairway and failed to alleviate these conditions or inform its employees of the dangerous nature of the stairway. These allegations, however, do not constitute the type of intentionally tortious conduct contemplated by *Blankenship, supra,* and *Jones, supra.* As the Ohio Supreme Court recently stated in *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 117, 522 N.E.2d 489, 504–505:

"There are many acts within the business or manufacturing process which involve the existence of dangers, where management fails to take corrective action, institute safety measures, or properly warn the employees of the risks involved. Such conduct may be characterized as gross negligence or wantonness on the part of the employer. However, in view of the overall purposes of our Workers' Compensation Act, such conduct should not be classified as an 'intentional tort' and therefore an exception, under *Blankenship* or *Jones,* to the exclusivity of the Act."

As Stamper has failed to even allege an intentional tort on the part of Middletown Hospital, we find that summary judgment was proper. The third assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., HENDRICKSON and WILLIAM W. YOUNG, JJ., concur.