Plaintiff-appellant, Joyce Hayes, executrix of the estate of Laura Hackney, appeals a Warren County Court of Common Pleas decision granting summary judgment in favor of defendants-appellees, Wendy's International, Inc.; Dale L. Johnson, and D. L. Johnson Construction (collectively "Johnson"); and Henry Sherowski. We reverse.
On or about September 7, 1994, Hackney went to the Wendy's restaurant at 3190 Towne Boulevard in Middletown, Warren County, Ohio for lunch with her daughter. The restaurant had been open for about four months. After lunch, Hackney and her daughter proceeded to leave the restaurant. When exiting this Wendy's, a patron must pass through an inner and outer door. Specifically, the patron must pass through the inner door, turn left, and pass through the outer door into the parking lot. The inner and outer door are located at a right angle to each other.
Within the vestibule between the inner and outer door is a recessed floor mat. The floor mat is approximately thirty-two inches by forty-eight inches and is intended to be flush with the floor. The floor mat was installed approximately sixteen inches from the inner door. According to Hackney, to the extent she recalled at all, she stated the floor mat was approximately one inch thick. Also, Hackney stated that, "[a]s far as I know", the floor mat sat on top of the floor.
Hackney was wearing canvas shoes without any heel. After opening the inner door and entering the vestibule, Hackney took one step and tripped on the recessed mat, fell to her knees and was injured. Hackney believed the toe of her right foot caught on the mat and caused the fall. When asked what particular aspect of the floor mat caused her to fall, Hackney testified that "[i]t's like it buckled up or something; I really don't know." She elaborated that it was the edge or end of the floor mat that "buckled up."
On April 18, 1996, Luther Colliver, a retired city building official with the city of Middletown, examined the recessed mat and surrounding area. Colliver, acting as an expert witness, reviewed all the applicable depositions and discovery in this case and found the following "deficiencies":
 1. The top edge of the mat frame is approximately 1/4" higher than surrounding floor tile at the corner in questions.
 2. The mat edge is approximately 1/4" higher than the top edge of the mat frame at the corner in question.
 3. The actual mat dimensions are 2' 71/2" wide and 3'11" in length on one side and 3'10 1/2" on the other side. This leaves a tapered gap of 3/4" on one side and 1 1/4" on the other side.
 4. The mat placement is perpendicular to the path of travel from the ingress door (exterior door), however, the mat extends approximately 16" into the opening of the interior door which is at right angles to the exterior door.
 5. A review of the blue prints dated August 7, 1995, of the Wendy's Restaurant constructed at 241 Hamilton-Middletown Road, after the plaintiff's date of injury September 7, 1994, indicates that the placement of the mat was changed. In these blue prints the mat extends approximately 8" into the vestibule.
Colliver concluded that the mat was placed exactly according to the blueprints of Sherowski, the architect, but for safety reasons should have been placed closer to the exterior door. Colliver also found the installation did not adhere to the manufacturer's instructions, resulting in the mat not being elevated from the frame and too large a gap between the mat and the frame.
Appellant filed a complaint against appellees, alleging the negligence of appellees proximately caused her injuries and appellees moved for summary judgment pursuant to Civ.R. 56. The trial court granted appellees' motions on June 8, 1998. From this ruling, appellant filed a timely notice of appeal and presents five assignments of error for our review:
Assignment of Error No. 1:
 The Trial Court erred when it weighed evidence and excluded the Affidavit of the Appellant's expert.
Assignment of Error No. 2:
 The Trial Court erred in holding that the hazardous condition of the floor mat was "open and obvious" as a matter of law, and thus, the Appellees did not owe Laura Hackney a duty of care in providing a reasonably safe business premises.
Assignment of Error No. 3:
 The Trial Court erred in holding that Laura Hackney failed to establish a factual basis of negligence as a matter of law.
Assignment of Error No. 4:
 The Trial Court erred in granting Henry Sherowski's motion for summary judgment since reasonable minds could conclude that he breached his duty to exercise reasonable care in designing the placement of the floor mat and injuries resulted proximately therefrom.
Assignment of Error No. 5:
 The Trial Court erred in granting Summary Judgment to Dale L. Johnson and D.L. Construction since reasonable minds could conclude that there were genuine issues of material fact as to all elements of a negligence claim.
In the first assignment of error, appellant argues the trial court erred by weighing the evidence and excluding appellant's affidavit. The trial court concluded that the expert's opinion on the "direction of the grates of the mat" were inconsequential because the direction of the mat was not a safety issue. In addition, the trial court generally found the conclusions of the expert was not beyond "the common knowledge of laymen," and therefore did not consider the expert's affidavit before awarding summary judgment in favor of appellees. Upon our de novo review, we disagree with the trial court's conclusions and find the first assignment of error well-taken.
Evid.R. 702 provides that a witness may testify as an expert if, inter alia, "[t]he witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons." See, also, Civ.R. 56(E). The testimony of Colliver reached a series of conclusions relevant to this case by comparing the blueprints to the actual placement of the recessed floor mat and comparing the blueprints of the Wendy's where the accident occurred to other blueprints for a Wendy's at 241 Hamilton-Middletown Road.
Colliver concluded the recessed mat and frame were installed incorrectly and in the wrong location, resulting in the alleged hazard. Despite appellants' attempt to narrow Colliver's findings, the affidavit goes behind the narrow claim that the direction of the grates of the mat are improper. While a lay person could examine a recessed mat for a possible hazard, Colliver's affidavit reviews blueprints, manufacturer's instructions, and exact measurements to draw conclusions about the safety of the recessed mat. Of course, a trier of fact could eventually decide to disregard his interpretation of the facts and the conclusions he reached, but his affidavit is both relevant and provides expertise beyond the experience of a layman. Overall, appellant's arguments about Colliver's conclusions are issues for a trier of fact and do not implicate his qualifications as an expert.
Accordingly, the first assignment of error is well-taken. In reviewing the remaining assignments of error regarding the appropriateness of summary judgment, we consider Colliver's affidavit.
In the second assignment of error, appellant asserts that the trial court erred by characterizing the condition of the floor mat as "open and obvious." We agree. In reaching its conclusion, the trial court cited this court's decision inCarrozza v. Olympia Management, Ltd. (Sept. 2, 1997), Butler App. Nos. CA96-11-228 and CA96-11-234, unreported, and found that no attendant circumstances exist which would obviate the "open and obvious" doctrine. In Carozza, we noted the general rule that "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself from them." Id. at 8, citing Sidle v. Humphry (1968),13 Ohio St.2d 45, paragraph one of the syllabus. The trial court apparently concluded that no attendant circumstances existed in this case, such as bad lighting or a hidden defect in the floor.
Subsequent to Carrozza, in Texler v. D.O. Summers Cleaners
(1998), 81 Ohio St.3d 677, the Supreme Court of Ohio addressed "whether a reasonably prudent person would have anticipated that an injury would result from walking normally on [a] sidewalk." Id. at 680. The court noted that "[a] pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward * * *." Id. at 680-81, citing Grossnickle v. Germantown (1965),3 Ohio St.2d 96, paragraph two of the syllabus. In this case, viewing the evidence and inferences in the best light to appellant, she fell on an improperly installed recessed mat. We agree that appellant may not have been looking down before the accident occurred, nor was she necessarily aware of any problem with the recessed mat. A trier of fact might conclude, under the comparative negligence statute, that appellant has some culpability. However, summary judgment is appropriate if the only conclusion of a reasonable trier of fact was that appellant was over fifty percent negligent. At that point, appellees' duty of care would effectively be removed. See R.C.2315.19(C) ("If the percentage of the negligence * * * that is attributable to the plaintiff * * * is greater than the total of the percentages of the negligence that is attributable to all parties from whom the plaintiff seeks recovery * * * the court shall enter judgment in favor of those parties.")
Of course, even under comparative negligence, certain dangers are "open and obvious" and a premises owner's duty of care can be removed as a matter of law. However, under this specific set of facts, the alleged defect is not "open and obvious," and summary judgment on that basis would be inappropriate. Cf.Texler at 681. Accordingly, the second assignment of error is well-taken.
In the third assignment of error, appellant argues that the trial court erred by finding that appellant failed to establish a factual basis for negligence against Wendy's. The fourth and fifth assignments of error assert Henry Sherowski, the architect, and Johnson should not have been granted summary judgment. Since the facts demonstrating the alleged negligence interrelate among all three of these parties and the legal standard is the same, we address these three assignments of error together.
A prima facie case of negligence requires a showing that appellees had a duty of care, breached that duty and the breach proximately caused appellant's injury. Boswell v. HyperShoppes, (Ohio, Inc.) (Nov. 23, 1998), Clermont App. No. CA98-06-049, unreported, at 5. In order for a business invitee to establish negligence in a slip and fall case against a premises owner, he must show:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn was attributable to a want of ordinary care.
Id. at 6 (citations omitted). Under the third element, "[t]he standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed." Id., citing Combs v. First Natl. Supermarkets, Inc.
(1995), 105 Ohio App.3d 27, 30, discretionary appeal not allowed, 74 Ohio St.3d 1422. However, if "it is the property owner itself which creates the hazardous condition which causes the plaintiff's injury, then the plaintiff need not show that owner had knowledge or notice of the condition of at issue."Crane v. Lakewood Hosp. (1995), 103 Ohio App.3d 129, 136, citing Presley v. Norwood (1973), 36 Ohio St.2d 29, 31.
We have repeatedly stated in slip and fall cases that "it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 67-68; Howard v. J.T. Smith (Mar. 30, 1998), Butler App. No. CA97-07-136, unreported, at 7. If a plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a trial court does not err by granting summary judgment in the defendant's favor. Id.
Appellees argues that under a series of Supreme Court of Ohio decisions, most recently Cash v. City of Cincinnati
(1981), 66 Ohio St.2d 319, the alleged defect in the mat is trivial and, therefore, no duty of care arises as a matter of law. The "trivial defect" principle has been extended to private defendants in Helms v. Am. Legion, Inc. (1965), 5 Ohio St.2d 60, at syllabus. However, we do not believe the "trivial defect" rule can be applied to these facts. Cash dealt with trivial defects in sidewalks and Helms involved an "irregular shaped hole about one and one quarter inches in diameter and one-half inch deep" on a stairway. The "negligence by ruler" concept, as outlined in Cash, can best be understood as a lack of negligence per se, and therefore conclusively removes a legal duty of care in a negligence action. This case does not merely concern a small hole or crack in a sidewalk or stairway, and we decline to extend the drastic remedy of Cash to a case alleging a recessed mat was defectively installed and in an unsafe location.
Appellees assert that summary judgment was inappropriate because the expert's inspection of the recessed mat was eighteen months after the accident occurred and Hackney did not know what caused her fall. We address these two arguments together.
Hackney testified that she fell when the toe of her right foot caught on the edge of the recessed mat. To the best Hackney could recall, she believed the mat was on top of the floor and about one inch thick. Hackney stated that the mat "buckled up or something. I don't know." Considering her overall testimony in the best light, Hackney stated that she fell due to the recessed mat. To the extent she was unsure on all the facts, that lack of clarity would be an issue of credibility for the trier of fact to resolve. Nevertheless, this case does not fit the situation where a plaintiff does not have any idea, beyond pure speculation, of how an accident happened. Cf. Miller v. Adamson dba Adamson's-Buford GroceryStore (Sept. 16, 1996), Brown App. No. CA96-02-007, unreported, at 5-7 (summary judgment appropriate where plaintiff could not demonstrate where she was standing or what caused her fall).
The expert's testimony is arguably consistent with Hackney's account of her fall. Appellees assert the expert should be completely disregarded because his inspection occurred eighteen months after the accident. We disagree. The condition the expert described, particularly that the floor mat was not flush with the floor and one corner was higher than the others, matches the cause of the accident. Dale Johnson asserted that the floor mat was flush with the floor when installed. Thus, the parties dispute the material facts and we find the evidence conflicts. The disputed facts include whether the mat was flush with the floor, whether one corner was higher than the others, whether the mat was loose within the frame, and whether it was installed in the wrong location. Appellant presented evidence that these facts may have contributed to the accident. As explained in the first assignment of error, the expert's testimony should not have been disregarded.
Since we conclude that the expert's testimony should have been considered, and the defect is not trivial, the record cannot support summary judgment in favor of appellees. Wendy's can be charged with notice of the defect because they created the defect. We agree with our sister court that "[p]roof of creation equals proof of knowledge." Tandy v. St. Anthony Hosp.
(Nov. 29, 1988), Franklin App. No. 88AP-551, unreported. Appellant has put forth evidence from which a reasonable trier of fact could find that the mat was installed improperly and, four months later, Wendy's had failed to address the problem.
As to Johnson, the expert testified that the recessed mat was not installed according to the manufacturer's instructions. Johnson claims the recessed mat was installed correctly, but the accident occurred only four months after the Wendy's opened. Appellant is entitled to reasonable inferences, in this case that the recessed mat was improperly installed when the expert viewed it because it was improperly installed when the Wendy's originally opened. Moreover, based on Colliver's evaluation of the blueprints and drawings of Sherowski, a reasonable trier of fact could conclude the recessed mat was installed in an unsafe location and this contributed to the accident. Accordingly, we also find Sherowski cannot be granted summary judgment.
In summary, we conclude the record demonstrates disputed material issues of fact about the alleged negligence of Wendy's, Sherowski, and Johnson. These claims may or may not ultimately succeed, but appellant is entitled to her day in court. Accordingly, the third, fourth and fifth assignments of error are well-taken.
Judgment reversed.
POWELL, P.J., and WALSH, J., concur.