OPINION
Plaintiff-appellant, Jeannie N. Moore, appeals the decision of the Clermont County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Eastgate Seafood, Inc.
On May 16, 1996, appellant entered a Long John Silvers restaurant owned by appellee at 842 Eastgate South Drive in Union Township. She approached the serving counter to order. After receiving her food, appellant turned around and proceeded toward the exit. She took four or five steps and stepped on what she believed to be a french fry which "squished out" and caused her to fall and injure her knee. Appellant stated that while she was on the floor, she saw a group of french fries lying approximately three feet to her right.
On May 16, 1997, appellant filed a complaint alleging that her injuries were due to appellee's negligence in failing to remove a hazardous condition on its premises. On December 30, 1997, appellee moved for summary judgment. Appellant filed a memorandum in opposition and attached her own affidavit and the affidavit of Harry T. Nosinger in support. On March 20, 1998, appellee filed a motion to strike the affidavit of appellant on the ground that it contradicted her previous, sworn testimony. Appellee also moved to strike Nosinger's affidavit on the ground that it was irrelevant. In its October 16, 1998 decision/entry, the trial court struck paragraphs five through nine of appellant's affidavit because it contradicted her previous testimony. The court also struck paragraphs four and five of Nosinger's affidavit pursuant to Civ.R. 56(E) and Evid.R. 702 and 703.
The trial court granted appellee's motion for summary judgment finding that appellant had failed to present any evidence beyond mere conjecture or speculation regarding the substance upon which she slipped, its origin, and how long it had been on the floor. Appellant appeals the trial court's decision raising three assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY STRIKING PARAGRAPHS 6 THROUGH 9 OF PLAINTIFF'S AFFIDAVIT ATTACHED TO HER RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
The decision to exclude evidence lies within the discretion of the trial court, and that decision will not be reversed on appeal absent an abuse of that discretion. O'Brien v. Angley
(1980), 63 Ohio St.2d 159, 163. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
At appellant's sworn deposition taken on September 19, 1997, the following dialogue transpired:
 Q: Did you see the french fry that you think you stepped on?
A: Did I?
 Q: Was it there where you were on the ground? Was there a french fry there when you were on the ground, or was it just the other french fries?
A: The other french fries.
* * *
 Q: That one that you think you squished, did you ever see that french fry?
A: No. I didn't look for it. I'll tell you —
 Q: You didn't see the french fry before you stepped on it?
A: No, I did not.
Q: And didn't look for it afterwards?
A: No.
In her March 5, 1998 affidavit, appellant stated as follows:
 6. After remaining in the restaurant for nearly 45 minutes being cared for. [sic] I exited the restaurant, and upon my exit I discovered that the squished french fry was still attached to my shoe and I removed same by scraping same off outside the restaurant.
7. The item which I slipped on was a french fry.
 8. The french fry on my shoe was consistent in appearance with the group of old french fries which were laying [sic] beside me on the floor which were not freshly cooked, dirty, stale, dry, stiff and obviously had been laying [sic] there for awhile.
 9. Further, as I laid on the floor, I noticed the floor was greasy to the touch.
We have previously stated that "a party cannot defeat a motion for summary judgment by creating an issue of material fact in his affidavit which contradicts and is inconsistent with his prior sworn testimony." Capital Financial Services, Inc. v.Hibbard (Oct. 9, 1995), Butler App. No. CA95-04-079, unreported, at 12. Therefore, we find no abuse of discretion by the trial court in striking paragraphs six through nine of appellant's affidavit because those paragraphs are inconsistent with her prior sworn statement. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY STRIKING PARAGRAPHS 4 THROUGH 5 OF HARRY T. NOSINGER'S AFFIDAVIT ATTACHED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Paragraphs four and five of Nosinger's March 6, 1998 affidavit state as follows:
 4. I have reviewed the documents produced by Defendant in this case and the deposition testimony herein, and * * * it is my opinion that on May 16, 1996 at approximately 1:50 p.m. (1) Defendant, Eastgate Seafood, Inc. in the exercise of ordinary care should have known that a hazardous condition existed on the premises and had sufficient time to enable it, and [sic] the exercise of ordinary care, to remove it or warn Plaintiff, Jeanie [sic] Moore about it and (2) said failure to warn or remove said dangerous condition caused Plaintiff to slip and fall.
 5. It is further my opinion that proper training programs and procedures were not in place, that management did not adequately train the employees on proper floor care procedures and that there was not a corporate culture promoting safe conditions. Had the proper training and procedures been in place, it is more likely than not, french fries and greasy tile would not have existed in the counter area of Defend ant's restaurant, and Plaintiff would not have fallen * * *.
Civ.R. 56(E) provides in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." To be considered under Civ.R. 56(E), affidavits must set forth facts upon personal knowledge, not legal conclusions, and opinions can only be included as long as they are rationally based on the affiant's perceptions. Youssef v. Parr,Inc. (1990), 69 Ohio App.3d 679, 689. In regard to expert affidavits, we have held that expert affidavits must comply with Civ.R. 56(E) as well as with Evid.R. 702 through 705 to be considered on summary judgment. Miltenberger v. Exco Co. (Nov. 23, 1998), Butler App. No. CA98-04-087, unreported, at 15. Therefore, Nosinger's opinion must be based upon reliable information as required by Evid.R. 702(C), and it must be based upon facts or data perceived by him or admitted into evidence as required by Evid.R. 703.
First, there is no evidence that Nosinger had any personal knowledge of the conditions of appellee's premises at the time of appellant's injury. Second, the documents Nosinger is said to have reviewed in forming his opinion contain no evidence establishing that a french fry caused appellant's fall or establishing how long the group of french fries, which were several feet from where appellant fell, had been on the floor. In fact, the only document containing such evidence was appellant's March 5, 1998 affidavit which was properly stricken by the trial court as discussed above. In a similar case, Stamper v. MiddletownHosp. Assn. (1989), 65 Ohio App.3d 65, we held that the expert's affidavit could not be considered on summary judgment because the affidavit failed to demonstrate that it was made upon personal knowledge, and it failed to provide a basis for concluding that the alleged negligence caused the plaintiff's fall. Stamper at 69.
We find no abuse of discretion by the trial court in striking those portions of Nosinger's affidavit which set forth improper legal conclusions and opinions which were based upon unreliable in formation, facts not perceived by him, and facts not admitted into evidence. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
While we reviewed the trial court's decision to exclude certain evidence under an abuse of discretion standard in the first and second assignments of error, we now review the trial court's decision to grant summary judgment de novo. Jones v. Shelly Co.
(1995), 106 Ohio App.3d 440, 445. Pursuant to Civ.R. 56(C), summary judgment is appropriate where, (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence construed most strongly in its favor. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
It is well-settled that in order to establish negligence in a premises liability case, one must show the existence of a duty, a breach of that duty, causation, and damages. Jeffers v. Olexo
(1989), 43 Ohio St.3d 140, 142. It is not disputed that appellant's legal status while on appellee's premises was that of an invitee.[1] A landowner owes a duty to invitees "requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge." Eicher v.United States Steel Corp. (1987), 32 Ohio St.3d 248, 249.
When a plaintiff seeks to recover for injuries received while on the defendant's premises, the plaintiff must establish: (1) that the defendant, through its officers or employees, was responsible for the hazard; or (2) that defendant its officers or employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of time to reason ably justify the inference that the failure to warn was attributable to a want of ordinary care. Boswell v. Hyper Shoppes, (Ohio,Inc.) dba Biggs (Nov. 23, 1998), Clermont App. No. CA98-06-049, unreported, at 5-6, citing Baudo v. Cleveland Clinic Found.
(1996), 113 Ohio App.3d 245, 248. The standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed. Anaple v. Standard OilCo. (1955), 162 Ohio St. 537, 541.
This court has previously stated, "Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Stamper at 68. We note further,
 Speculation or conjecture on the plaintiff's part as to the culpable party who caused the fall and what caused the fall is not sufficient to establish the premises owner's liability as a matter or law, because the issue of proximate cause is not open to speculation and plaintiff cannot point to a wrong or negligent act by the defendant.
Scott v. Kings Island Co. (Feb. 16, 1999), Warren App. No. CA98-04-044, unreported, at 6-7.
Appellant has failed to produce any evidence to establish that slipping on a french fry caused her to fall. Even if we assume arguendo that appellant did slip on a french fry, appellant has failed to produce evidence that appellee was responsible for the french fry, or that the french fry had been on the ground long enough to establish that appellee had constructive notice of the hazard. We find that summary judgment was appropriately granted pursuant to Civ.R. 56(C). Appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] A business invitee is a person who comes upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner of the premises.Scheibel v. Lipton (1951), 156 Ohio St. 308, paragraph one of the syllabus.