DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellee, Sudhakar Pangulur, in a medical malpractice action.[1] For the reasons discussed below, this judgment is affirmed.
On appeal, appellant sets forth the following assignment of error:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
The facts which are relevant to the issues raised in this appeal are as follows. The complaint of appellant, Edward A. VanGunten, Administrator of the Estate of Rachel L. Schumann, claimed that appellee, inter alia, was negligent in his treatment of Rachel Schumann ("decedent"), and that such negligence resulted in the decedent's death. On May 6, 1999, appellee moved for summary judgment on the basis that there was no evidence that he was negligent. Appellee attached his own affidavit to his motion which set forth his credentials, the specific facts of his treatment of decedent, and his opinions that: (1) "the care, treatment and evaluation which [he] provided to Rachel Schumann was [sic] in accordance with accepted standards of care, skill and diligence," and (2) "[i]n [his] opinion, to a reasonable degree of medical certainty, neither Rachel Schumann's condition, nor her death occurred as a result or consequence of any alleged breach of the standard of care claimed against [him]."
In opposition to appellee's motion for summary judgment, appellant filed an "AMENDED CERTIFICATE OF MERIT WITH AFFIDAVIT" by Sean K. Kesterson, M.D. In his affidavit, Dr. Kesterson stated his qualifications and that he had reviewed the records pertaining to the treatment of Rachel Schumann by appellee and the remaining defendants. Dr. Kesterson then stated that it was his opinion that St. Charles Hospital and Drs. Salem, Pangulur, and Khan were negligent in failing to do the following:
 "a) * * * adequately monitor, diagnose and treat Rachel L. Schumann's condition.
 "b) * * * adequately report and respond to Rachel L. Schumann's condition.
 "c) * * * take appropriate measures to treat Rachel L. Schumann's condition.
 "d) * * * adequately direct appropriate monitoring of Rachel L. Schumann's condition."
Dr. Kesterson then further opined that "Rachel L. Schumann suffered significant physical harm, as a direct and proximate result of the negligence of St. Charles Hospital and Drs. Salem, Pangulur and Khan."
The trial court granted appellee's motion for summary judgment, finding that Dr. Kesterson's affidavit was insufficient to present a genuine issue of material fact as it merely stated conclusions without any specific facts to support these conclusions. This court agrees.
In reviewing a granting of summary judgment, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment is appropriate when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Initially, the party seeking summary judgment must inform the trial court of the basis for the motion and identify the portions of the record which demonstrate the absence of a genuine issue of fact relating to an essential element of the nonmoving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets this initial burden, the nonmoving party cannot rest upon the pleadings, but must present, by affidavit or as otherwise provided under Civ.R. 56, specific facts showing that there is a genuine issue of fact for trial.Id. at 293, quoting Celotex Corp. v. Catrett (1986),477 U.S. 317; Civ.R. 56(E).
In the present case, appellee met his burden by presenting his own affidavit stating that, in his expert opinion, he acted in accordance with the standard of care and was not negligent. Therefore, appellant was required to present specific facts showing there to be a genuine issue of material fact for trial. Appellant's affidavit was not sufficient to create such an issue of fact.
An expert's affidavit offered in opposition to a motion for summary judgment must comply with Civ.R. 56 and Evid.R. 703-705. Lewis v. Lawyer Chiropractic Clinic (Aug. 26, 1999), Scioto App. No. 98CA2590, unreported.
Civ.R. 56 requires affidavits "be made on personal knowledge, * * * set forth such facts as would be admissible in evidence, and * * * show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). "Affidavits which merely set forth legal conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civ.R. 56(E)." Stamper v. Middletown Hospital Assn.
(1989), 65 Ohio App.3d 65, 69.
Dr. Kesterson's statements that the defendants, including appellant, failed to "adequately monitor, diagnose, and treat," "adequately report and respond," "take appropriate measures to treat," and "adequately direct appropriate monitoring of" decedent's condition are conclusions. Dr. Kesterson was required to state specific facts supporting these conclusions, which he failed to do.
Furthermore, Evid.R. 705 requires that before an expert can testify in the form of an opinion, he must first disclose the underlying facts or data upon which that opinion is based. Dr. Kesterson's affidavit merely contains his opinions without disclosing the underlying facts which he relied on to reach these conclusions. Dr. Kesterson's opinions are, therefore, not admissible as they fail to comply with Evid.R. 705.
As Dr. Kesterson's affidavit does not provide competent evidence of negligence, there remains no genuine issue of material fact. Even construing the evidence that was properly before the trial court most strongly in favor of appellant, reasonable minds can only conclude that appellee is entitled to summary judgment as a matter of law. Therefore, appellant's assignment of error is found not well-taken and the judgment of the Lucas County Court of Common Pleas is affirmed.
Court costs are assessed to appellant.
VanGunten, Admr. of the Estate of Schumann v. Allen Salem, M.D., et al. and Sudhakar Pangulur, M.D.C.A. No. L-99-1291
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, P.J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, J.
[1] Allen J. Salem, M.D., Shakil A. Khan, M.D., Hisham Bassiouni, M.D., Toledo Clinic Inc., St. Charles Hospital, and John Does No. 1-3 were also sued by appellant, but are not parties to this appeal.