DECISION
Appellant, Larry Swoope, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellees, Hyatt Hotels ("Hyatt") and Tidy Building Services ("Tidy").
On May 22, 1997, Swoope attended a conference at a Hyatt hotel in Columbus. The hotel had retained Tidy to clean and maintain its lobby. Swoope slipped and fell in the hotel lobby. In November 1997, Swoope had surgery to repair ligaments, which he allegedly damaged in the May 1997 fall.
Swoope contends that appellees' negligence caused his injuries. Swoope admitted, however, that he does not know why he fell. He testified that he did not recall the floor being wet, nor did he notice any defect in the floor. The only other evidence offered by Swoope was the testimony of Yuncha Pae, part owner of Tidy. Pae testified that she saw Swoope immediately before he fell, when she shouted at him not to run in the lobby. Pae stated that she saw Swoope fall and that she immediately checked the floor and determined that it was dry. She testified that she did not know what caused Swoope to fall.
The trial court concluded that Hyatt and Tidy were entitled to judgment because Swoope failed to provide evidence regarding the cause of his fall.
On appeal, Swoope asserts the following assignment of error:
 The ruling of the trial court granting Defendant's [sic] motion for summary judgment pursuant to Rule 56(C) of the Ohio Rules of Civil Procedure is contrary to law when there were genuine issues of material fact.
Appellate court review of a summary judgment motion is de novo. Heltonv. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. Pursuant to Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Civ.R. 56(C); State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183. The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying the portions of the record that establish the absence of a genuine issue of fact on a material element of the non-moving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. After the moving party satisfies this initial burden, the non-moving party bears a reciprocal burden to respond by affidavit, or as otherwise provided in Civ.R. 56, and must set forth specific facts showing the existence of a genuine issue for trial. Civ.R. 56(E). If the non-moving party fails to so respond, summary judgment, if appropriate, shall be entered against him. Civ.R. 56(E).
For the reasons that follow, we affirm the judgment of the trial court.
"To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamperv. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 67-68. "Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Id. at 68. Negligence cannot be established by the mere fact that a person slipped and fell. Shepherd v. Mount Carmel Health (Dec. 2, 1999), Franklin App. No. 99AP-197, unreported.
In the instant action, Swoope provided no evidence whatsoever about what caused his fall. Swoope admitted in his deposition that he did not know what caused him to fall.
 Q: You had indicated you don't recall the floor being wet, and you are not really sure why you fell.
A. No.
Q. Do you recall seeing any defects in the floor?
A. No.
 Q. And by that as an example would be a crack of the floor or
A. No.
Q. a part being higher.
A. No.
Q. So you have no idea why you fell?
A. No. [Depo. at 43.]
Pae likewise testified that she did not know what caused Swoope's fall. Furthermore, Pae testified that, although a Tidy employee had mopped in the lobby, she checked the area where Swoope fell and observed that it was dry.
In an effort to create an issue of fact, Swoope contends that "the deposition of Yuncha Pae establishes that she was so concerned about the possibility of the floor being wet that she attempted to warn Mr. Swoope." The record, however, does not support Swoope's assertion. Pae testified that she shouted at Swoope because he was running in the lobby, not because she was concerned about the floor. Swoope's interpretation of Pae's testimony is insufficient to create an issue of fact and overcome appellees' motion for summary judgment. See McGuire v. Lovell (1998),128 Ohio App.3d 473, 487. Swoope has provided no evidence whatsoever about the cause of his fall and, accordingly, his claims must fail as a matter of law.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ___________________ BOWMAN, P.J.
DESHLER and LAZARUS, JJ., concur.