OPINION
{¶ 1} Plaintiff-appellant Charlette DeVaughn appeals from a summary judgment rendered against her on her complaint for injuries caused by a slip-and-fall accident. DeVaughn contends that the trial court erred in rendering summary judgment, because she demonstrated genuine issues of fact with regard to the cause of her fall. We conclude that the trial court correctly found that DeVaughn failed to demonstrate the existence of a genuine issue of material fact. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 2} In July, 1997, Charlette DeVaughn suffered injuries when she slipped and fell at the Dayton Convention Center. She filed a complaint against the City of Dayton seeking damages for her injuries.
 {¶ 3} DeVaughn testified, at her deposition, that at the time of her fall she was "dropping off a resume at the Dayton Convention Center for a position as a Marketing Specialist in the Tourism Department." She testified that she had been to the Convention Center numerous times, was familiar with the layout of the Convention Center, and knew her way around. She testified that after she dropped off her resume, she fell in front of a trash can. She testified that she did not notice anything wrong with the tile floor, and did not notice any dampness, moisture, dirt or debris. She testified that the floor was "shiny like glass." DeVaughn also testified that after she fell, her white skirt had a "lot of black spots in it." She testified that she did not look to see what had caused her to fall.
 {¶ 4} Several times during her deposition, Devaughn reiterated that she did not see anything on the floor to which she could attribute her fall. The following colloquy took place during Devaughn's deposition:
 {¶ 5} "Q: Do you know what caused you to fall?
 {¶ 6} "A: No.
 {¶ 7} "Q: Did you see after your fall anything that you attributed as being the cause of your fall?
 {¶ 8} "A: Nothing I contributed to my fall.
 {¶ 9} "Q: So, as you sit here now, you have no idea why you fell, is that right?
 {¶ 10} "* * *
 {¶ 11} "A: I don't — only thing that I could say, maybe there was some water leaking out of that trash can right there and I slipped on it.
 {¶ 12} "Q: Did you see any water?
 {¶ 13} "A: I saw spots on my white skirt when I came — right in front of that trash can's where I fell.
 {¶ 14} "Q: Did you see any water?
 {¶ 15} "A: * * * I didn't see because I was laying on the floor * * *.
 {¶ 16} "Q: So, you don't know what caused you to fall? You're only guessing, is that right?
 {¶ 17} "A: Only guessing and from the spots on my dress, there must have been some water because there was something on the floor. I can only assume. I can't — I'm not going to say what was on that floor. All I can say is from what was on my skirt."
 {¶ 18} Following Devaughn's deposition, the City moved for summary judgment. DeVaughn filed a memorandum in opposition and attached her affidavit thereto. In her affidavit, Devaughn averred, in pertinent part, as follows:
 {¶ 19} "After my fall, I noticed water coming from the area of a stone trashcan I had fallen against. I additionally noticed water flowing toward the stone trashcan from a nearby planter.
 {¶ 20} "After my fall, I observed City of Dayton employees watering plants in the vicinity of the planter from which the water was coming.
 {¶ 21} "The water on the floor from the planter provided the only logical explanation for my fall."
 {¶ 22} The City filed a reply memorandum, to which it attached a transcript of Devaughn's deposition taken in June, 2000. The deposition was taken in connection with an unrelated lawsuit filed by DeVaughn in the Montgomery County Common Pleas Court. During that deposition, DeVaughn testified that she did not know what caused her fall at the Convention Center.
 {¶ 23} The trial court noted, in its decision granting summary judgment, that it did not consider DeVaughn's affidavit in determining the appropriateness of summary judgment. The trial court found that in her deposition DeVaughn testified that she could not identify the cause of her fall. Therefore, the trial court found that summary judgment was warranted. From the summary judgment rendered against her, DeVaughn appeals.
 II {¶ 24} DeVaughn's Assignments of Error are as follows:
 {¶ 25} "THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER OHIO RULE OF CIVIL PROCEDURE 56 WHEN GENUINE ISSUES OF MATERIAL FACT REMAIN AS TO WHETHER DEFENDANT THROUGH ITS OFFICERS OR EMPLOYEES WAS RESPONSIBLE FOR THE HAZARD WHICH CAUSED PLAINTIFF'S INJURIES."
 {¶ 26} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT, CITY OF DAYTON, SUMMARY JUDGMENT BECAUSE REASONABLE MINDS CANNOT REACH BUT ONE CONCLUSION IN DETERMINING WHETHER DEFENDANT BREACHED ITS DUTY TO KEEP THE PREMISES SAFE TO INVITEES."[1]
 {¶ 27} The only argument addressed in DeVaughn's appellate brief is her contention that her "claim is not precluded per se through her inability to state precisely what caused her fall."
 {¶ 28} We begin by noting that our review of a summary judgment is de novo. Nilavar v. Osborn (1998), 127 Ohio App.3d 1, 10, citation omitted. In reviewing a summary judgment, an appellate court must apply the standard found in Civ.R. 56. According to Civ.R. 56, a trial court should grant summary judgment only when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66. With this standard in mind, we address DeVaughn's claim that summary judgment was improper.
 {¶ 29} The parties agree that "[t]o prevail in a case where the plaintiff has allegedly slipped on a foreign substance on the floor of the defendant's premises, the plaintiff bears the burden of showing: (1) that the defendant through its officers or employees was responsible for the hazard complained of; or (2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or to remove it was attributable to a want of ordinary care." Jones v. Sears, Roebuck Co., Inc. (Oct. 19, 1994), Montgomery App. No. 14528. Additionally, the plaintiff must be able to identify the reason for the fall. Stamper v. Middletown Hosp. Assn.
(1989), 65 Ohio App.3d 65, 68. A plaintiff does not have to specifically name the substance that caused her fall; instead a plaintiff may rely on reasonable inferences to prove her claim. Curtis v. Schear's MetroMarket (June 15, 2001), Montgomery App. No. 18579.
 {¶ 30} There is no evidence in this record that the Convention Center staff had actual knowledge of any water on the floor. Likewise, there is no evidence that the floor was wet for a length of time sufficient to justify an inference that the Convention Center had constructive notice of the condition. Therefore, the only issue in this case is whether the Convention Center was responsible for the hazard.
 {¶ 31} DeVaughn, in her brief to this court, claims that her fall was witnessed by an employee of the City who indicated that the plants had recently been watered causing the floor to be wet. Thus, she argues that she has demonstrated that "the hazard complained of herein" was caused by the City. We find no evidence in the record to support this claim.
 {¶ 32} Moreover, we find nothing in Devaughn's deposition testimony to support a finding that the City was responsible for the hazard of which she complains; DeVaughn has failed to demonstrate, either by direct or by circumstantial evidence, that there was, in fact, water on the floor. In her deposition, DeVaughn candidly admitted that she did not know what caused her fall. At best, she made a "guess" that there was water on the floor. However, there was no evidence that the floor was wet, or that her clothing was wet. In short, there is no evidence in the record, direct or circumstantial, to support a finding that there was water on the floor or that DeVaughn knew what caused her fall.
 {¶ 33} Furthermore, we find that the trial court did not err in failing to credit DeVaughn's affidavit. In Bullock v. Intermodal Transp.Services, Inc. (Aug. 6, 1986), Hamilton App. No. C-850720, the First District Court of Appeals held that in cases where a non-movant attempts to defeat a motion for summary judgment by submitting an affidavit contradicting the affiant's prior testimony, there must be some explanation for the inconsistency in the evidence. "`When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of any material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.'" Id., citation omitted. "Only if the affiant explains sources of confusion that resulted in his or her inaccurate deposition testimony or reveals newly discovered evidence that alters his or her perception of circumstances that formed the basis of the deposition testimony may the inconsistent affidavit serve to raise factual disputes that preclude summary judgment." Id., citation omitted. See also, Zacchaeus v. Mt. Carmel Health System (Feb. 5, 2002), Franklin App. No. 01AP-683, citation omitted, ("[A] non-moving party cannot defeat a motion for summary judgment by creating an issue of fact through a contradictory affidavit. * * * If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.'").
 {¶ 34} In this case, DeVaughn's affidavit directly contradicts her sworn deposition testimony. In her deposition, DeVaughn testified that she saw nothing on the floor that she could attribute as causing her fall. Conversely, in her affidavit, she averred that she specifically observed water on the floor, and that the water must have caused her to fall. Furthermore, DeVaughn's affidavit offers no explanation for the contradiction. Therefore, we adopt the reasoning in Bullock, and conclude that DeVaughn's affidavit cannot be used to create a genuine issue of material fact precluding summary judgment.
 {¶ 35} We conclude that DeVaughn has failed to demonstrate that a genuine issue of material fact exists with regard to her claim. Therefore, the trial court did not err by rendering summary judgment against her. Accordingly, both of Devaughn's assignments of error are overruled.
 III {¶ 36} Both of DeVaughn's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
GRADY and YOUNG, JJ., concur.
[1] Although, as noted by the City, DeVaughn does not identify these statements as her Assignments of Error, it is clear that these are the issues she raises on appeal. We further note that DeVaughn has failed to provide any citations to the record as required by App.R. 16(A)(6) and (D). Counsel is reminded to comply with this rule in all future filings with this court.