[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant Ramona Mack appeals the trial court's entry of summary judgment, on her claim of negligence, in favor of defendants-appellees Leroy Robinson, Jr., and the City of Cincinnati. For the following reasons, we affirm the trial court's judgment.
 {¶ 3} In her first assignment of error, Mack asserts that the trial court erred in entering summary judgment in favor of the City. In her second assignment of error, Mack also maintains that the trial court erred in granting summary judgment in favor of Leroy Robinson. We address these assignments together and find them to be without merit.
 {¶ 4} Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, the conclusion is adverse to that party.[1]
Appellate review of the entry of summary judgment is de novo, using the same standard applied by the trial court.[2]
 {¶ 5} On July 24, 1998, Mack was a passenger on a public bus operated by defendant SORTA.[3] The bus driver stopped the bus in front of Robinson's home, a location that was not a designated bus stop. When Mack alighted from the bus, she stepped down onto a grassy area and fell, injuring her knee. Mack filed a claim against Robinson and the City alleging negligence.
 {¶ 6} To establish negligence in a slip and fall case, the plaintiff must be able to identify or explain the reason for the fall.[4]
If unable to do so, the defendant cannot be found to have been negligent.[5] Here, the city and Robinson assert that Mack was unable to articulate what caused her to fall. We agree.
 {¶ 7} In her deposition, Mack had initially testified that a hole caused her to fall. But, upon further examination, Mack was unclear as to the cause of her fall. When asked if a hole had caused her to fall, she said, "I don't — I don't — I don't remember. I — I — it was a grassy area. That's the only thing there that could have made me fall." Although Mack submitted a report of H. Richard Hicks, a forensic engineer, who had stated that the cause of the fall was due to the grassy area being slightly lower than the curb and the sidewalk, Mack had later testified at her deposition that she couldn't remember what had caused her fall and that she had not felt that there was anything wrong with the area she had stepped down upon.
 {¶ 8} Because Mack was unable to identify and sufficiently explain what caused her fall, negligence cannot be imputed to the city or Robinson as a matter of law. Accordingly, the first assignment of error is overruled and the judgment of the trial court is affirmed.
 {¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt and Gorman, JJ.
[1] State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[2] McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491,609 N.E.2d 1272.
[3] The record reveals that Mack settled her negligence claim with SORTA.
[4] Stamper v. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 67,582 N.E.2d 1040.
[5] Id.