{¶ 20} I respectfully dissent.
 {¶ 21} The owner of premises must exercise reasonable or ordinary care for the invitee's safety and protection. Included in this duty is the duty to maintain the premises in a reasonably safe condition and to warn the invitee of latent or concealed defects of which the possessor has or should have knowledge. Scheibel v. Lipton (1951), 156 Ohio St. 308,102 N.E.2d 453. However, the owner is not to be held as an insurer against all forms of risk. S.S. Kresge v. Fader (1927), 116 Ohio St. 718,158 N.E. 174.
 {¶ 22} In O'Brien v. Bob Evans Farms, Inc., Trumbull App. No. 2003-T-0106, 2004-Ohio-6948, the Eleventh District Court of Appeals declared that: "`[t]o *Page 9 
establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall. Where the plaintiff either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded.' Stamper v. Middletown Hospital Assn. (1989),65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040."
 {¶ 23} Additionally, where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded. Stamper, supra;Mines v. Russo's Stop Shop (Feb. 23, 1989), Cuyahoga App. No. 55073; Smith v. Resch's Bakery (Dec. 10, 1987), Franklin App. No. 87AP-897.
 {¶ 24} In Kubiszak v. Rini's Supermarket (1991), 77 Ohio App.3d 679,603 N.E.2d 308, we stated that in order for a customer to recover damages for personal injuries sustained in coming in contact with a hole in the parking lot maintained by the supermarket and about which hole the customer has not been warned, the plaintiff has the burden of proving:
 "1. That the nature, size, extent and location of such [hole] involved a potential hazard to customers, sufficient to justify a reasonable conclusion that the duty of ordinary care, which the operator of such [business] owes to his customers, would require such operator to prevent or remove such [hole] or to warn his customer about it, and
 2. (a) That such sufficient potential hazard was created by some negligent act of the operator of the [business] or his employees, or *Page 10 
 (b) That such operator or his employees had, or should in the exercise of ordinary care have had, notice of that potential hazard for a sufficient time to enable them in the exercise of ordinary care to remove it or to warn customers about it." Id., citing Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537, 124 N.E.2d 128, paragraph one of the syllabus.
 {¶ 25} The majority acknowledges that Lewin could not identify the exact location where she fell or the precise cause of her fall. She was unsure even which section of the pavement she fell on — asphalt, dirt, or gravel. She stated that she fell in a hole, but was unable to identify the hole in the photos. Thus, I would affirm the granting of summary judgment because a finding of negligence is precluded. *Page 1