DECISION
Plaintiff-appellant, Mary Hess, appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, One Americana Limited Partnership, George Kontogiannis and Colonial American Development Corporation.
On July 9, 1998, Hess slipped and fell in the parking lot at 400 South Fifth Street, Columbus, where she and a friend had visited an attorney for business and social purposes. At the time of the fall, Hess was returning to the passenger side of a vehicle, which was parked in a handicapped parking space. Before she reached the door, Hess fell. Hess fractured both ankles and sustained other injuries. Hess sued appellees, owner of the premises, for negligence, alleging that appellees failed to properly maintain the parking lot and/or to warn Hess of unsafe and dangerous conditions in the parking lot.
In granting appellees' motion for summary judgment, the trial court reasoned that appellees owed no duty of care to Hess because the curb edge in the vicinity where Hess fell was an open and obvious hazard.
On appeal, Hess assigns the following errors:
 1. The trial court below erred to the appellant's prejudice by granting summary judgment to the appellees, where said appellees were not entitled to judgment as a matter of law.
 2. The trial court below erred to the appellant's prejudice by granting summary judgment to the appellees, where there were issues of material fact that could only be determined by the trier of fact.
For the reasons that follow, we affirm the judgment of the trial court.
We address appellant's assignments of error simultaneously, as they both pertain to the trial court's conclusion that appellees were entitled to judgment as a matter of law. Appellate review of summary judgment motions is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
When a motion for summary judgment has been supported by proper evidence, a non-moving party may not rest on the mere allegations of his pleading, but his response, by affidavit or as otherwise provided in Civ.R. 56, must set forth specific facts showing that there is a genuine triable issue. Civ.R. 56(E); Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52. To establish the existence of a genuine issue of material fact, the non-moving party must do more than simply resist the allegations in the motion. Rather, that party must affirmatively set forth facts which entitle him to relief. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 111. If the non-moving party "does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).
There is no dispute between the parties that Hess was a business invitee. It is well-settled that an owner owes its patrons, as business invitees, a duty to exercise ordinary or reasonable care in maintaining its premises in a reasonably safe condition "so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the owner is not an insurer of the invitee's safety. Id.
"To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." Stamper v. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65, 67-68. "Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." Id. at 68. Negligence cannot be established by the mere fact that a person slipped and fell. Shepherd v. Mount Carmel Health (Dec. 2, 1999), Franklin App. No. 99AP-197, unreported.
We conclude that Hess failed to identify or explain the reason for the fall. Although the trial court and Hess' expert apparently assumed that Hess tripped on a curb, Hess provides no evidence that the curb caused her fall. Rather, Hess testified that she could not see where she was walking because the sun cast a shadow in front of her and that she did not recall where she was stepping when she fell. Hess testified as follows in her deposition:
 Q. And explain to me if you would, please, how it is that you came to fall in the parking lot.
 A. It was about almost noon and [I] walked around the front of the car and I couldn't see because it was so sunny, I couldn't tell the difference in depth, the car created a shadow, and I fell in the handicapped parking. We were parked there because Jack is handicapped.
* * *
 Q. Okay. There is a rounded curb there from the sidewalk down to the parking lot level, correct?
 A. It looks like it, but like I said, the sun was shining and it was bright and I walked around, all I saw was a shadow, I couldn't tell didn't realize there was a difference in depth. You can't really tell that from the picture.
* * *
 Q. Okay. It's your recollection that there was a shadow along the passenger side of the parked vehicle?
A. Yes.
 Q. And do you recall where you were looking at the time of the fall?
A. Where I was going.
 Q. Were you looking down, were you looking at the car; do you remember?
A. I remember looking where I was going.
 Q. You don't remember specifically looking down at the curb?
* * *
A. What I remember is falling.
* * *
 Q. Can you describe how you fell, I'm just curious, did you do you remember if you tripped or you lost your balance, do you remember, can you please describe how it was you fell?
A. Face first. I stepped and then I was falling.
* * *
 Q. And nothing on your shoe caught in any cracks, is that correct?
A. Correct.
Q. And you don't think you tripped; is that right?
A. I did not trip.
 Q. Okay. And do you remember the last step you took before the fall, do you remember where your foot was?
 A. I was stepping around the car. What do you mean where my foot was?
 Q. Well, there's a sidewalk, there's a curb and there's a blacktop on the parking lot and if you don't remember, you don't remember, but I just was curious like if you would remember like maybe stepping with one foot or the other on some surface and then
A. No, I don't remember. [Depo. at 6, 9-11, 30.]
Because Hess has not identified the cause of the fall, appellees are entitled to judgment as a matter of law.
We further conclude that appellees are entitled to judgment for the additional reason that Hess admits that she was not able to see where she was walking because the sun cast a shadow along the front of the car, obstructing her vision. We decline to hold appellees liable where they had no control over shadows caused by the sun.
For the foregoing reasons, we overrule appellant's first and second assignments of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and BROWN, JJ., concur.