DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Lucas County Court of Common Pleas in a medical malpractice action.
 {¶ 2} Despite a substantial record amassed by the parties in this matter, there are few details of the events leading to the lawsuit which underlies this appeal. What we can ascertain is this: appellant is Morris G. Sutherland. In 1998, appellant's wife, Cheryl S. Sutherland, saw appellee, Dr. Vicki M. Bertka,[1] complaining of what appellant's complaint characterizes as "gastrointestinal problems." According to the complaint, subsequent to her treatment by appellee, Cheryl Sutherland was admitted to two different hospitals on four separate occasions for abdominal pain and vomiting. Cheryl Sutherland died on November 18, 1998.
 {¶ 3} On October 29, 1999, appellant sued appellee and others, alleging that these healthcare providers' medical negligence resulted in his wife's death. Following discovery, appellee moved for summary judgment. Supporting her motion was her own affidavit in which she averred that she had not deviated from accepted standards of medical care for appellant's decedent. Appellee challenged appellant to come forth with expert opinion to the contrary.
 {¶ 4} Appellant responded with a memorandum in opposition supported by an affidavit from Dr. Howard Taekman, who opined that appellee, "* * * failed to timely recognize the fact that, despite obvious symptoms, Cheryl S. Sutherland was suffering from a perforated bowel that required immediate surgical intervention."
 {¶ 5} On March 30, 2004, the trial court granted summary judgment in favor of appellee, ruling that Dr. Taekman's affidavit was insufficient to create a question of fact. This appeal followed.
 {¶ 6} On appeal, appellant sets forth the following assignment of error:
 {¶ 7} "The trial court erred in granting appellee's motion for summary judgment."
 {¶ 8} On review, appellate courts employ the same standard for summary judgment as trial courts. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. The motion may be granted only when it is demonstrated
 {¶ 9} "* * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 10} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); Riley v. Montgomery
(1984), 11 Ohio St.3d 75, 79. A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. Russell v. Interim Personnel, Inc. (1999),135 Ohio App.3d 301, 304; Needham v. Provident Bank (1996),110 Ohio App.3d 817, 826, citing Anderson v. Liberty Lobby, Inc.
(1986), 477 U.S. 242, 248.
 {¶ 11} In a medical malpractice suit, the material facts establishing the standard of care must be presented with expert testimony. Ramage v. Central Ohio Emergency Services, (1992),64 Ohio St.3d 97, 102. However, expert testimony that sets forth mere legal conclusions without supporting facts is not sufficient to establish a genuine issue of material fact. Van Gunten v.Salem, M.D. (June 23, 2000), 6th Dist. No. L-99-1291, citingStamper v. Middletown Hosp. Assn. (1989), 65 Ohio App.3d 65,69, 582 N.E.2d 1040.
 {¶ 12} In this present case, appellee submitted her own affidavit stating that the care and treatment rendered to Cheryl Sutherland was in accordance with the accepted standards of care. The burden then shifted to appellant to refute this opinion and establish a genuine issue of material fact. The trial court,citing Van Gunten v. Salem, M.D., supra, concluded that the Taekman affidavit was not specific enough for appellant to satisfy his burden.
 {¶ 13} While the facts of this case are similar to the facts of Van Gunten, the cases are distinguishable. In Van Gunten,
the expert's affidavit stated that the defendants were negligent for failing to, "* * * adequately monitor, diagnose and treat [the patient's] condition * * * adequately report and respond to [the patient's] condition * * * take appropriate measures to treat [the patient's] condition [and] adequately direct appropriate monitoring of [the patient's] condition."
 {¶ 14} We held that these averments set forth mere conclusions, void of supporting facts, thus rendering them insufficient to establish a genuine issue of material fact.
 {¶ 15} In the present case, Dr. Taekman's affidavit contains similar statements, but also contains the assertion of facts to support his conclusions. He states in his affidavit that, "The medical care provided to Cheryl Sutherland in 1998 fell below accepted standards of medical care and treatment when [appellee] failed to timely recognize the fact that, despite obvious symptoms, Cheryl S. Sutherland was suffering from a perforated bowel that required immediate surgical intervention."
 {¶ 16} The trial court, in affirming appellee's motion for summary judgment, held that these statements were less specific then those found in Van Gunten. We disagree. These averments detail the standard of care and offer an expert opinion of how appellee's actions fell below this standard with respect to a specific condition. Dr. Taekman's affidavit may be fairly read to assert as fact that Cheryl Sutherland had a perforated bowel, exhibited symptoms of this condition which should have been obvious to a physician and that such symptoms dictated prompt surgical intervention.
 {¶ 17} In construing the evidence most strongly in favor of appellant, we must conclude that genuine issues of material fact exist. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 18} On consideration, the judgment of the Lucas County Court of Common Pleas is reversed, this matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee, pursuant to App.R. 24.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Singer, J., Concur.
Judith Ann Lanzinger, J., dissents.
[1] Dr. Bertka's employer, Fallen Timbers Family Physicians, Inc., is also an appellee in this matter. Since Fallen Timbers is included in the suit on the basis of respondeat superior, we shall refer to Dr. Bertka as the singular appellee.