DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Donald J. Burth has appealed from the judgment of the Summit County Court of Common Pleas that granted the summary judgment motions of the Defendants-Appellees CPK Construction, Imperial Heating and Cooling, Dial Electric, and John Doe. This Court affirms.
 I {¶ 2} On June 4, 2004 Plaintiff-Appellant Donald J. Burth ("Burth") filed a complaint against CPK Construction, Inc. ("CPK"), Imperial Heating and Cooling ("Imperial"), Dial Electric, Ltd. ("Dial"), and John Doe (collectively "Appellees") claiming personal injury as a result of negligence and negligence per se. Burth, a building inspector, was injured when he fell off of a ladder while inspecting the HVAC system at a residential home ("home"). CPK was the general contractor of the home, Imperial was providing the HVAC equipment, and Dial was providing the electrical work for the HVAC system. On February 2, 2005, Appellees moved for summary judgment. Burth replied in opposition.
 {¶ 3} On April 27, 2005, the trial court granted Appellees' motions for summary judgment. The trial court granted summary judgment on Burth's negligence claim for three reasons: 1) Burth did not show that any of the Appellees had the requisite control or possession of the premises; 2) he did not introduce evidence showing the cause of the fall; and 3) he did not establish knowledge, constructive or otherwise, on the part of any of the Appellees. The trial court found that Burth's negligence per se claim failed for the same reasons that his negligence claim failed.
 {¶ 4} Burth has timely appealed the trial court's decision, asserting one assignment of error.
 II
"THE TRIAL COURT ERRED IN GRANTING [APPELLEES'] MOTIONS FOR SUMMARY JUDGMENT."
 {¶ 5} In his sole assignment of error, Burth has argued that the trial court erred in granting summary judgment in favor of Appellees. Specifically, Burth has argued that Appellees owed him a duty of care and they knew or should have known of the defect in the ladder system. Burth has also argued that ownership of the ladder is irrelevant. We disagree.
 {¶ 6} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948,107 S.Ct. 433, 93 L.Ed.2d 383. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 8} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id. See, also, Henklev. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Pursuant to Civ.R. 56(C):
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 10} In his complaint against Appellees, Burth asserted two causes of action: 1) negligence and 2) negligence per se.
Negligence
 {¶ 11} "In order to recover on a negligence claim, a plaintiff must prove (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury."Chambers v. St. Mary's School (1998), 82 Ohio St.3d 563, 565. Under the law of negligence, a defendant's duty to plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position.Huston v. Konieczny (1990), 52 Ohio St.3d 214, 217. Injury is foreseeable if a defendant knew or should have known that its act was likely to result in harm to someone. Id.
 {¶ 12} Burth has argued his negligence claim under the "invitee" standard. An owner or occupier of land or premises owes a duty to an invitee to use reasonable care to protect that invitee from unreasonable harm or dangers of which the occupier is aware or reasonably should be aware. Jackson v. Kings Island
(1979), 58 Ohio St.2d 357, 359. Liability attaches when a business owner had superior knowledge of the particular danger which caused the injury; the liability attaches because the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate. La Course v. Fleitz (1986),28 Ohio St.3d 209, 210.
 {¶ 13} After reviewing the record and the general duty element of negligence and the invitee duty standard, we find that Appellees owed no duty to Burth. The record is void of a foreseeable injury. The deposition testimony clearly establishes that Appellees were not aware, nor should they have been, that use of the ladder would result in harm to Burth. By all accounts, the ladder had been used by numerous people at the home and no other incidents occurred. In fact, an Imperial employee, Myron Feightner, descended the ladder immediately before Burth and experienced no problems with the ladder. He testified that if the ladder was not safe, he would not have used it, and that he did not know what caused Burth to fall. Burth provided no evidence to substantiate his claim that Appellees knew of the unsafe condition of the ladder or should have known of it. Moreover, Burth failed to identify any problems with the ladder or use of the ladder. Burth argued that a bungee cord attached to the top of the ladder must have come loose, but he failed to present evidence that the bungee cord came loose or that it was not attached after his fall. Therefore, it follows that Appellees could not possibly know of a problem that Burth cannot even identify.
 {¶ 14} Burth's argument under the invitee standard also fails. No evidence was presented concerning ownership of the ladder; Appellees denied ownership and Burth admitted that he did not know who owned the ladder. Appellees also denied placing the ladder in the hole into which Burth descended and Burth admitted that he did not know who placed the ladder in the hole. Assuming arguendo that Burth was able to establish ownership or that as he has argued, ownership is irrelevant, Burth's invitee argument still fails. As previously discussed, no evidence was presented that Appellees had superior knowledge of a risk to Burth or that they should have had such knowledge. In fact, no evidence of any risk was presented.
 {¶ 15} Burth has also failed to present evidence to survive summary judgment on the causation element of negligence. Burth's negligence claim must fail because he has no knowledge of what caused his fall. See Stamper v. Middletown Hospital Assoc.
(1989), 65 Ohio App.3d 65, 67-68, citing Cleveland AthleticAssn. Co. v. Bending (1934), 129 Ohio St. 152. Burth has argued that although he doesn't know why or how he fell off the ladder, it must have been a defect in the ladder or the ladder system and therefore Appellees are responsible. Such an argument is unreasonable and contradicts the previously mentioned case law on the subject. Without some testimony about what caused his fall off the ladder or how he fell off the ladder, Burth is precluded from establishing a negligence claim. See Stamper, supra. The only testimony presented concerning the fall was Burth's testimony that right before he fell he turned the front of his body away from the ladder and his "body weight pulled the ladder away and it flipped over to the other side of the scuttle hole." Burth slipped down the ladder and then fell off landing at the bottom of the hole. Burth's testimony does not identify the cause or reason for his fall. Accordingly, without testimony concerning the cause of Burth's fall, reasonable minds can reach no other conclusion than there was no negligent act or omission on the part of Appellees that proximately caused Burth's fall.
 {¶ 16} Based on the foregoing and viewing the evidence in a light most favorable to Burth, the non-moving party, we find that no genuine issues of material fact remain, that Appellees were entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, which is adverse to Burth. Summary judgment was warranted on Burth's negligence claim because Appellees' owed no duty to him. Appellees established that they had no knowledge of any alleged problems with the ladder or its use and that there was no reason they should have known of the alleged problem or use. Burth failed to contradict Appellees' testimony. Moreover, Burth was unable to provide a reason or explanation as to the cause of his fall. Burth's sole assignment of error regarding his negligence claim lacks merit.
Negligence Per Se
 {¶ 17} Negligence per se is a violation of a specific requirement of law or ordinance. Chambers, supra (Quotation omitted.). Application of negligence per se in the instant matter requires that Burth conclusively establish that the Appellees breached the duty that they owed to him. See Chambers, supra. It is not, however, a finding of liability per se because Burth must also prove proximate cause and damages. Pond v. Leslein
(1995), 72 Ohio St.3d 50, 53. Burth has argued that he was owed a statutory duty pursuant to R.C. 4101.11, "the frequenter statute" which provides:
"Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."
 {¶ 18} The Ohio Supreme Court has stated that the statutory duty owed to "frequenters" is merely the codification of the common-law duty which property owners have traditionally owed to business invitees. Eicher v. United States Steel Corp. (1987),32 Ohio St.3d 248, 249. Said duty requires ordinary care in maintaining the premises in a reasonably safe condition. Schwarzv. Gen. Elec. Realty Corp. (1955), 163 Ohio St. 354, paragraph one of the syllabus. An exception is created, however, where there is an obvious and inherently dangerous condition which exists on the property. See Wellman v. East Ohio Gas Co.
(1935), 160 Ohio St. 103. Where an employee of an independent contractor sustains an injury as a result of the existence of an inherently dangerous condition, he can only maintain an action against the property owner if: (1) the owner had actual or constructive knowledge of such condition and (2) the employee did not have such knowledge. Davis v. Charles Shutrump Sons Co.
(1942), 140 Ohio St. 89, 94.
 {¶ 19} For the same reasons Appellees were entitled to summary judgment on Burth's negligence claim, we find that they are also entitled to summary judgment on his negligence per se claim. The record establishes that reasonable minds can reach only one conclusion, which is that reasonable care was exercised and that Appellees had no knowledge of any alleged defects in the ladder. Moreover, Burth has failed to present evidence of any defects in the ladder or that the ladder was the cause of his fall.
 {¶ 20} Burth's reliance on the exception to the frequenter statute lacks merit. We find that the exception does not apply for the following reasons: 1) per his own admission, Burth was not an independent contractor or an employee of one; 2) the record is void of any knowledge on Appellees' part of any problems with the ladder; 3) the record is void of any evidence that Appellees should have known of any problems; 4) no evidence was presented that there actually was a problem with the ladder; 5) no evidence was presented as to the cause of Burth's fall; and 6) Burth did not identify the condition of which he was unaware under the frequenter statute.
 {¶ 21} Based on the foregoing, we find that, like his negligence claim, Burth's negligence per se claim cannot survive summary judgment. Reasonable minds can only come to one conclusion, which is that 1) no one knows who owned the ladder; 2) no one knows who placed the ladder in the hole; 3) Appellees had no knowledge of any problems with the ladder, nor should they have; 4) no one knows why or how Burth fell off the ladder; and 5) no one knows if there was in fact a defect with the ladder. Accordingly, Appellees were entitled to summary judgment because no genuine issues of material fact exist. Burth's sole assignment of error regarding his negligence per se claim is not well taken.
 {¶ 22} Burth's sole assignment of error as a whole lacks merit.
 III {¶ 23} Burth's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgement affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Moore, J. Reece, J., Concur.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)