DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff Elizabeth Bozsik, appeals from the trial court's judgment entry granting summary judgment in favor of Defendant, Aldi, Inc. in the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On January 11, 2005, Plaintiff, Elizabeth Bozsik ("Ms. Bozsik") filed suit for negligence against Defendant, Aldi, Inc. ("Aldi"), for injuries she incurred in a fall in an Aldi grocery store on January 14, 2003. Aldi sought summary judgment on January 3, 2006. Ms. Bozsik filed her response to the motion for summary judgment on February 8, 2006. The trial court granted summary judgment in favor of Aldi on February 8, 2006.[1]
Ms. Bozsik has timely appealed the trial court's order granting summary judgment and raises five assignments of error for review.
 Assignment of Error One
"Non-Expert Opinions. Non-expert opinion evidence may be offered regarding facts that are rationally based on the perceptions of a witness and are helpful in determining a fact at issue. Here, the affidavit of Mr. James and the testimony of Mrs. Bozsik show that Mrs. Bozsik tripped over the pallet and this testimony is helpful to an important fact of this case. Is the testimony and affidavit sufficient to create a reasonable question of fact that will survive summary judgment?"
 {¶ 3} Ms. Bozsik asserts that she has sufficiently established a genuine issue of material fact as to the cause of her fall in the Aldi store so as to survive summary judgment. We disagree.
 {¶ 4} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241. Accordingly, an appellate court reviews the same evidence that was properly before the trial court. Am. EnergyServs., Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208,598 N.E.2d 1315. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law or reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267. The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt (1996),75 Ohio St.3d 280, 292, 662 N.E.2d 264. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id.
 {¶ 5} Once the moving party's burden has been satisfied, the non-moving party must meet its burden as set forth in Civ.R. 56(E). Id. at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Id.; Henkle v. Henkle (1991),75 Ohio App.3d 732, 735, 600 N.E.2d 791.
 {¶ 6} A plaintiff alleging negligence must prove "that the defendant owed the plaintiff a duty, that the defendant breached that duty, that the plaintiff suffered harm and that the harm was proximately caused by the defendant's breach of duty."Cooperider v. Peterseim (1995), 103 Ohio App.3d 476, 479,659 N.E.2d 882.
 {¶ 7} Ms. Bozsik has failed to present evidence to survive summary judgment on the causation element of negligence. Ms. Bozsik's negligence claim must fail because she has no knowledge of what caused her fall. Burth v. CPK Constr., Inc., 9th Dist. No. 22713, 2006-Ohio-70, at ¶ 15; Stamper v. Middletown HospitalAssn. (1989), 65 Ohio App.3d 65, 67-68, 582 N.E.2d 1040, citingCleveland Athletic Assn. Co. v. Bending (1934),129 Ohio St. 152, 194 N.E. 6. Ms. Bozsik's brief in response to Aldi's motion for summary judgment asserts that the pallet at Aldi caused her to fall. In support of this assertion, she cites her deposition testimony, the affidavit of William James and the Aldi accident report.
 {¶ 8} Ms. Bozsik testified at deposition that her foot "had to" come into contact with the pallet causing her to fall and that she tripped over "something" and did not slip. However, she is only presuming that the pallet was the "something" that caused her to trip. Mr. James did not see Ms. Bozsik trip. He saw her falling and then looked down and saw the pallet. He "thinks" that Ms. Bozsik tripped over the pallet.
 {¶ 9} Without more than conjecture about what caused her fall at the Aldi store, Ms. Bozsik is precluded from establishing a negligence claim. See, Stamper, at 67-68. Ms. Bozsik testifies about what she was doing before the fall and that something had to cause her to fall. Mr. James only has personal knowledge of seeing Ms. Bozsik fall and what happened afterwards. There is no testimony about the cause or reason for the fall. Accordingly, reasonable minds can reach no other conclusion than there was no negligent act or omission on the part of Aldi that proximately caused Ms. Bozsik's fall.
 {¶ 10} Based on the foregoing and viewing the evidence in a light most favorable to Ms. Bozsik, the non-moving party, we find that no genuine issues of material fact remain, that Aldi was entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, which is adverse to Ms. Bozsik. Ms. Bozsik's first assignment of error is overruled.
 Assignment of Error Two
"Issues Not Raised. A court should not grant summary judgment on the basis of an issue that has not been raised by the moving party in their motion for summary judgment. Here the court granted summary judgment and then mentioned in one sentence the issue of Aldi's knowledge of the defect or danger (or peril or hazard), which was not raised in Aldi's motion. Should that be a basis for summary judgment here?"
 Assignment of Error Three
"Pallet Being a Hazard. A pallet in a store is an object that can reasonably be found to be dangerous or a hazard. Here, the pallet and its location are very similar to the pallet inBumgardner, in which the question of the latent danger of the pallet was found to be a matter for the jury. Was the pallet evidenced to be dangerous?"
 Assignment of Error Four
"Is Actual Knowledge Required? At summary judgment, actual knowledge of a peril is not necessary if it is shown if it shown that a danger existed which the owner should have known of. Here, the pallet and boxes were evidenced to be dangerous. Aldi's owned and operated the store and displayed produce items on wooden pallets as part of its business operation. And lack of knowledge was not claimed as a ground for summary judgment. Should appellant be required to have shown that Aldi had actual knowledge of the defect?"
 Assignment of Error Five
"Open and Obvious Requirement. For summary judgment, a defendant must prove that reasonable minds can only conclude that a hazard is open and obvious. Here the corner pallet of a small aisle stuck out 5" to 6" into the aisle (and beyond the banana box on top of it) and the appellant turned left toward the onions that she saw. Would all reasonable minds conclude that the pallet hazard was open and obvious."
 {¶ 11} Due to our resolution of Ms. Bozsik's first assignment of error, all other assignments of error are moot and we, accordingly, overrule assignments of error two, three, four and five in addition to assignment of error one.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Boyle, J. Concurs
[1] Ms. Bozsik filed her brief in opposition to summary judgment at 7:50 a.m. on February 8, 2006. The trial court issued its judgment entry granting summary judgment in favor of Aldi, Inc. on February 8, 2006 at 1:56 p.m.