{¶ 12} I respectfully dissent from the majority's resolution of Appellant's first assignment of error as I feel that Appellant has met her Dresher burden by offering "specific facts showing that there is a genuine issue for trial" in regards to her negligence claim against Appellee. Dresher v. Burt (1996),75 Ohio St.3d 289, 293.
 {¶ 13} Civ. R. 56(C) provides in relevant part:
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 14} The majority contends that Appellant failed to present evidence to survive summary judgment on the causation element of negligence because she has no knowledge of what caused her to fall. Appellant supported her brief in opposition to Appellee's motion for summary judgment with her deposition testimony and William James' affidavit. In her deposition, Appellant testified that (1) she attempted to make a left turn around a box of bananas, (2) she believes that her left foot came into contact with the banana box on the pallet, (3) she tripped and fell forward and (4) as she fell, her left thigh collided with the banana box. In his affidavit, Mr. James' testified as follows:
"I was at Aldi's and I saw a lady coming around the corner where there was a box of bananas. She was turning the corner going to her left. I saw her falling and hit the floor. I looked and saw where the skid under the bananas was sticking out about five or six inches (5" or 6") into the aisle. I thought and still think that she tripped over that skid.
"She was lying there and tried to get up. She spoke broken English. The lady from Aldi's was right there and helped her get up. The lady from Aldi's said they were insured, that she should go to any hospital or doctor she wanted and that Aldi's would take care of it.
"I told the lady from Aldi's that the skid was sticking out and the lady tripped over it. I gave Aldi's my name and address before I left the store."
 {¶ 15} The trial court must construe the inferences drawn from the underlying facts contained in the affidavit and deposition in the light most favorable to Appellant, the nonmoving party. Turner v. Turner (1993), 67 Ohio St.3d 337,341. If the trial court determines that a discrepancy exists regarding a material fact, it must submit the evidence to the trier of fact for resolution. Id. Construing the inferences drawn from Appellant's deposition testimony and Mr. James' affidavit in the light most favorable to Appellant, I find that she has demonstrated at least a genuine issue of material fact regarding whether she fell as a result of Appellee's negligence in positioning the banana pallet.
 {¶ 16} The majority relies on Burth v. CPK Construction,Inc., 9th Dist. No. 22713, 2006-Ohio-70 and Stamper v.Middletown Hospital Assn. (1989), 65 Ohio App.3d 65, 67-68, to support its contention that Appellant's negligence action fails because she has no knowledge of what caused her fall. In Burth,
a building inspector (Donald Burth) who was injured when he fell off a ladder while performing a home inspection brought a negligence action against the contractors that were performing work at the residence. The trial court awarded summary judgment to the contractors. On appeal, this Court affirmed, finding, in part, that Burth failed to present evidence that his injury was proximately caused by some breach of duty by the contractors. In reaching this conclusion, we relied on the fact that Burth failed to provide evidence about what caused his fall off the ladder or how he fell off the ladder. The only testimony Burth presented concerning the fall was his statement that right before he fell he turned the front of his body away from the ladder and his "body weight pulled the ladder away and it flipped over to the other side of the scuttle hole." Burth, at ¶ 15. As a result, Burth slipped down the ladder and then fell off landing at the bottom of the hole. We held that "without testimony concerning the cause of Burth's fall, reasonable minds can reach no other conclusion than there was no negligent act or omission on the part of Appellees that proximately caused Burth's fall." Id.
 {¶ 17} In Stamper, a hospital employee (Sharon Stamper) filed suit against the hospital architect and contractor for negligence after she fell in the hospital stairwell. The trial court awarded summary judgment to the defendants. On appeal, Stamper argued that she provided evidence of causation in the affidavit of an engineer hired by Stamper to examine the stairway. The Twelfth District Court of Appeals found that the affidavit did not meet the requirements of Civ.R. 56(E) and therefore, did not provide competent evidence as to causation. In her deposition, Stamper provided no explanation for her fall. When asked whether the stairs were slippery, whether her legs buckled, or how she fell, she consistently replied that she did not know what happened but simply knew that she "just fell." In light of the absence of any evidence of causation, the court affirmed summary judgment in favor of the defendants.
 {¶ 18} The majority cites Stamper for its conclusion that "[w]ithout more than conjecture about what caused her fall at the Aldi store, Ms. Bozsik is precluded from establishing a negligence claim." Here, in contrast to Burth and Stamper,
Appellant provided a plausible explanation for the cause of her fall: her foot "had to have" collided with the banana pallet, causing her to fall face forward, sustaining injury. Although she was not certain that the protruding banana pallet caused her fall, construing the evidence in the light most favorable to Appellant, reasonable minds could certainly find that Appellee's negligence in positioning the banana pallet caused her fall. Appellant's belief that she fell as a result of the banana pallet is further supported by Mr. James' affidavit, wherein he averred that he witnessed the fall and believed she tripped over the banana pallet. Not only did Mr. James sign an affidavit as to what he observed, but he also told Aldi's before leaving the store that he believed the protruding pallet caused Appellant to fall. These facts distinguish the instant case from the cases relied upon by the majority. It appears that the trial court as well as the majority ignored this testimony, or at the least failed to construe this evidence in the light most favorable to Appellant, in finding that Appellant "has no knowledge of what caused her fall."
 {¶ 19} The fact that Appellant is not certain that this pallet caused her fall is not dispositive. Clearly, Appellant has a reasonable explanation for her fall. The fact that she did not testify that she is certain that the pallet caused her fall merely demonstrates her veracity. The only way a person could be absolutely certain about the cause of her fall is if the person looked down and observed the object or condition before or at the exact time that she collided with it. Reason dictates that if a person observes an object or condition in her pathway, she will avoid the hazard. Moreover, the Ohio Supreme Court has held that "[a] pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward under all circumstances even where she has prior knowledge of a potential hazard." Grossnickle v.Germantown (1965), 3 Ohio St.2d 96, at paragraph two of syllabus. Pursuant to Grossnickle, Appellant was not, as a matter of law, required to look downward as she walked through the grocery store. The fact that Appellee provided card board carriers for shoppers to use to carry their items would render it virtually impossible to hold the card board, walk down the aisle and see the floor immediately in front of the shopper.
 {¶ 20} Aside from the failure to view the evidence in a light most favorable to the non-moving party, three potentially undesirable inferences flow from the majority's decision to disallow the jury from considering this matter. First, the majority's decision implies that the Supreme Court erred inGrossnickle when it held that a pedestrian is not, as a matter of law, required to constantly look downward as she walks. In direct contravention of the Supreme Court's holding inGrossnickle, the majority's decision essentially requires a person to constantly look downward as she walks. Here, because Appellant was not looking downward and therefore did not see her foot make contact with the corner of the pallet, based upon the majority's reasoning, her claim fails.
 {¶ 21} Second, this decision suggests that claimants can no longer recover on slip and fall cases in the Ninth District Court of Appeals. We have previously held that the open and obvious doctrine prohibits recovery in slip and fall cases where the condition is open and obvious. See Stein v. Honeybaked Ham Co.,
9th Dist. No. 22904, 2006-Ohio-1490 (finding that patron could not recover for injuries sustained as a result of fall on ramp because ramp and ice melt pellets were an open and obvious danger); Armstrong v. Best Buy Co., Inc. (Dec. 12, 2001), 9th Dist. No. 01CA007848 (holding that patron could not recover on negligence claim against Best Buy for injuries sustained when he tripped over guardrail located in Best Buy's vestibule area because guardrail was an open and obvious danger). Here, the majority expressly finds that a claimant cannot recover where she did not notice what caused her to fall. When read together, these holdings create an inequitable result as they preclude recovery both where (1) a claimant observed the condition that caused the fall but the condition was open and obvious and (2) where the claimant did not observe the condition that caused the fall and can only speculate.
 {¶ 22} Lastly, the majority's decision insinuates that a plaintiff must use precise language to establish causation in a slip and fall case. Here, Appellant provided a reasonable explanation for the cause of her fall. However, she did not definitively testify that the pallet caused her to fall. Appellant's testimony must be considered in light of evidence in the record that English was not Appellant's primary language. The trial court afforded no weight to this evidence and instead held her to a standard that produced an unjust result.
 {¶ 23} When viewed in the light most favorable to Appellant, the facts, coupled with Appellant's deposition testimony and Mr. James' affidavit indicate that at least a genuine issue of material fact remains regarding whether the pallet caused Appellant to fall. Therefore, I respectfully dissent from the majority's finding that Appellant does not know what caused her to fall. I would reverse and remand.