DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Floncia Lovejoy twisted her ankle as she stood on a curb near an entrance to EMH Regional Medical Center. She sued EMH for negligence, alleging that EMH failed to maintain the area in a safe condition. The trial court granted summary judgment to EMH, and Floncia has appealed. She has argued that the trial court incorrectly granted summary judgment to EMH. This Court reverses the trial court's judgment because there are genuine issues of material fact regarding whether Floncia was injured when she encountered an open and obvious hazard on EMH's property.
 THE TWIST {¶ 2} Floncia and her daughter, Barbara, went to EMH on May 18, 2004, to visit Floncia's sister in-law, who was a patient in the intensive care unit. Barbara drove and parked her car on a street next to the parking garage so that she and her mother could enter EMH *Page 2 
through the emergency department. Floncia had been to EMH many times and, in fact, had given birth to all seven of her children at the hospital. She had never parked in this location before. As was their custom, Barbara and Floncia walked arm-in-arm toward the hospital. They stopped "right at the curb" of a driveway so that two cars could exit the parking garage. Barbara and Floncia waited at the curb for the first car to pass, then Floncia's right foot "turned over." Floncia had not taken a step and was not trying to move when her foot twisted. She did not fall, and she did not notice whether the slight heel of her shoe had caught the curb. Barbara returned to the area where Floncia twisted her ankle later the same day. She surmised that Floncia's injury was caused by a "crevice in the curbing that caused Floncia to lose her balance."
 THE STANDARD OF REVIEW {¶ 3} Floncia's sole assignment of error is that the trial court incorrectly granted summary judgment to EMH. In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. Parenti v.Goodyear Tire Rubber Co., 66 Ohio App. 3d 826, 829 (1990).
 THE NEGLIGENCE CLAIM {¶ 4} EMH argued to the trial court that the undisputed facts demonstrate that Floncia could not identify what caused her injury; that she had an unobstructed view of the curb; and that Floncia admitted that had she looked down, she probably would have seen the curb and would not have injured her ankle. EMH argued that it was entitled to judgment as a matter of law because the curb was an open and obvious danger that could have be seen by a pedestrian "by ordinary inspection." In the alternative, EMH argued that Floncia could not prove that her injury *Page 3 
was a proximate result of negligence by EMH because she could not identify the cause of her injury and that the curb was a "trivial imperfection" in the roadway. EMH supported its motion for summary judgment with citations to Floncia's deposition.
 {¶ 5} Floncia argued that whether the curb was an open and obvious defect is an issue of fact that cannot be resolved on summary judgment. Relying on her own deposition and an affidavit of her daughter, Floncia argued that she was unfamiliar with the surroundings; that she did not have a responsibility to look constantly toward the ground as she walked; and that her ankle twisted when it caught a crevice that was unobservable from her vantage point. EMH argued to the trial court that Barbara's affidavit should be discounted as self-serving. Even when an affidavit is sworn by the moving party, however, this Court will not automatically reject it as self-serving. Instead, this Court considers the affidavit in the same way that all evidence is considered under Rule 56 of the Ohio Rules of Civil Procedure: to determine whether it demonstrates issues of fact that are both genuine and material to the case at hand. Stone v. Cazeau, 9th Dist. No. 07CA009164, 2007-Ohio-6213, at ¶ 16. See, also, Wochna v. Mancino, 9th Dist. No. 07CA0059-M,2008-Ohio-996, at ¶ 8-9.
 {¶ 6} Barbara's affidavit demonstrates that there are genuine issues of material fact that prevent summary judgment to EMH. Landowners owe a duty of ordinary care to business invitees to maintain their property in a reasonably safe condition and to warn of hidden dangers. Paschal v.Rite Aid Pharmacy, Inc., 18 Ohio St. 3d 203, 203-204 (1985). When dangers are open and obvious, however, the "nature of the hazard itself serves as a warning [and] the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Simmers v. Bentley Constr.Co., 64 Ohio St. 3d 642, 644 (1992). *Page 4 
 {¶ 7} Because the open and obvious doctrine is related to the element of duty in a negligence claim, it focuses on the nature of the danger rather than the behavior of the plaintiff. Armstrong v. Best Buy Co.Inc., 99 Ohio St. 3d 79, 2003-Ohio-2573, at ¶ 13. "The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."Id.
 {¶ 8} It is unclear whether Floncia's twisted ankle was caused by the curb, the "crevice" in the curb, or by something different altogether. Floncia was certain that she had not started to take a step before her ankle turned, but she did not know why she twisted her ankle. In her deposition, she testified,
 I don't know why it twisted to the right, but it twisted over there, and it broke. That's the only thing I can say. It turned over. And Barbara said, are you all right? I said, yeah, I'm okay. . . .
 Q: So I'm clear one more time, ma'am, did the heel on your right shoe get involved with or stuck in the crevice that's depicted in this photograph, Exhibit I?
 A: I don't know. . . . I can't answer that. But it didn't — it didn't move, it just turned over.
 {¶ 9} She testified that there was a "ridge," a "knot," a "lip," or a "nudge" where the walking surface met the driveway pavement, but that she did not notice the "curb" because she was not looking down. Floncia also testified that had she been looking down, "I probably would have seen the nudge, and I probably wouldn't have broke my foot either. But my feet just turned over on it." After-the-fact, Barbara returned to examine the driveway. She noticed something different, and her affidavit attributes her mother's injury to that defect:
 18. Once the vehicle passed, we began to proceed forward when Floncia's right shoe became caught in a crevice, located at the edge of the curbing facing the drive aisle, causing her to lose her balance and her ankle to bend sharply to the side. *Page 5 
 19. Neither Floncia nor I saw the crevice prior to Floncia's loss of balance and ankle injury.
 . . . .
 22. While I was waiting for Floncia, I returned to the area where Floncia injured her ankle. When I approached the curbing from the opposite direction, I was able to see the crevice in the curbing that caused Floncia to lose her balance. The crevice was not viewable when approaching from the direction of the parking lot.
 {¶ 10} When a business owner alleges that a hazard is open and obvious, the critical question is not whether the plaintiff actually observed the hazardous condition, but whether the hazard was observable.Kirksey v. Summit Cty. Parking Garage, 9th Dist. No. 22755,2005-Ohio-6742, at ¶ 11. "Ohio courts have found that no duty existed in cases where the plaintiff did not notice the condition until after he or she fell, but could have seen the condition if he or she had looked."Id. When a plaintiff encounters an unobservable obstacle while walking on unfamiliar ground, the hazard is not open and obvious. SeeManning v. Avon Lake, 9th Dist. No. 06CA008958, 2008-Ohio-1000, at ¶ 15-17. Although a pedestrian must "`use [her] senses to avoid injury while walking on a sidewalk,' she is not required to `keep [her] eyes upon the sidewalk at all times.'" Id. at ¶ 17 (quoting Griffin v. Cityof Cincinnati, 162 Ohio St. 232, 238 (1954)).
 {¶ 11} Floncia did not see the curb itself because she was looking away to avoid another hazard: oncoming automobile traffic. She testified that there was an impediment of some kind on the walkway, whether it was a "ridge," a "knot," a "lip," a "nudge" or a crevice. Whatever it was, she later identified it from photographs taken by her daughter Barbara. In her affidavit, Barbara stated that she did not see the condition of the curb when she approached it from the direction in which they had earlier walked and could not have done so, and she attributed Floncia's fall to catching her foot on an unobservable crevice. There is a genuine issue of fact, *Page 6 
therefore, at least with regard to whether the hazard in the walkway was one "an ordinary person could have observed. . . if he or she had looked." Kirksey, 2005-Ohio-6742, at ¶ 13.
 {¶ 12} In support of the trial court's decision, EMH has emphasized Floncia's uncertainty about what caused her injury. But the fact that a pedestrian cannot identify an unseen hazard as the cause of injury does not entitle the defendant to summary judgment. Bozsik v. Aldi Inc., 9th Dist. No. 23146, 2006-Ohio-5880, at ¶ 19 (Moore, J., dissenting). If that were the law, recovery would be impossible in every situation, regardless of whether a plaintiff could identify the cause of an injury:
 The only way a person could be absolutely certain about the cause of her fall is if the person looked down and observed the object or condition before or at the exact time that she collided with it. Reason dictates that if a person observes an object or condition in her pathway, she will avoid the hazard. Moreover, the Ohio Supreme Court has held that "[a] pedestrian using a public sidewalk is under a duty to use care reasonably proportioned to the danger likely to be encountered but is not, as a matter of law, required to look constantly downward under all circumstances even where she has prior knowledge of a potential hazard." . . . . Appellant was not, as a matter of law, required to look downward as she walked.
Id. (quoting Grossnickle v. Germantown, 3 Ohio St. 2d 96, paragraph two of syllabus (1965)). See, also, Klosterman v. Medina, 9th Dist. No. 04CA0052-M, 2005-Ohio-1134, at ¶ 17.
 {¶ 13} Floncia's deposition testimony and Barbara's affidavit demonstrate that there is a genuine issue of material fact regarding whether the condition of the walkway was observable to an ordinary person. The trial court incorrectly granted summary judgment to EMH, and Floncia's assignment of error is sustained.
 CONCLUSION {¶ 14} Floncia's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion. *Page 7 
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
MOORE, P. J. CONCURS
 {¶ 15} I respectfully dissent for the reasons set forth in Bozsik v.Aldi, Inc., 9th Dist. No. 23146, 2006-Ohio-5880. In that case, the plaintiff tripped as she walked in a grocery store. She could not identify what caused her fall, but nonetheless attributed the fall to a pallet in the aisle. This Court concluded: *Page 8 
 "Ms. Bozsik has failed to present evidence to survive summary judgment on the causation element of negligence. Ms. Bozsik's negligence claim must fail because she has no knowledge of what caused her fall. Ms. Bozsik's brief in response to Aldi's motion for summary judgment asserts that the pallet at Aldi caused her to fall.
 "***
 "Ms. Bozsik testified at deposition that her foot `had to' come into contact with the pallet causing her to fall and that she tripped over `something' and did not slip. However, she is only presuming that the pallet was the `something' that caused her to trip. ***
 "Without more than conjecture about what caused her fall at the Aldi store, Ms. Bozsik is precluded from establishing a negligence claim. *** Accordingly, reasonable minds can reach no other conclusion than there was no negligent act or omission on the part of Aldi that proximately caused Ms. Bozsik's fall." (Internal citations omitted.) Id. at ¶ 7-9.
Ms. Lovejoy does not know what caused her fall, and her conjecture on that point leads to the same result: that reasonable minds can reach no other conclusion than that there was no negligent act of omission on the part of EMH that proximately caused Ms. Lovejoy's fall. See id. at ¶ 9.
 {¶ 16} I respectfully dissent. *Page 1